Billy Max **BROWN**, Plaintiff,

v.

**DEMCO, INC., et al.,**
**Defendants-Appellees,**

v.

**EMPLOYERS CASUALTY CO.,**
Intervenor-Appellant.

No. 85–4709.

United States Court of Appeals,
Fifth Circuit.

June 18, 1986.

---

Dale G. Cox, Rountree, Cox & Guin, Shreveport, La., for intervenor-appellant.

F.M. Stoller, New Orleans, La., for Beat, et al.

Thos. M. Hayes, Jr., Monroe, La., for Cooper, et al.

Gary P. Kraus, James E. Diaz, Sr., Lafayette, La., for Cameron.

J. Bachman Lee, Monroe, La., for FMC, et al.

Before RUBIN, POLITZ, and JOHNSON, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A defendant who was added to a state court action when it had been pending for four years maintains that it has the right to remove the action to federal court. The action was removable when filed because it involved parties diverse in citizenship and removal is sought on the basis of diversity. Finding that removal was improvident, we reverse the order of the district court refusing to remand the case.

## I.

Billy Max Brown was injured while working as a roughneck on a land-based oil rig in Lincoln Parish, Louisiana. In December 1980 Brown filed an action in Louisiana state court seeking more than $2 million in damages from various defendants including Best Industries, Inc. (Best), Cameron Iron Works (Cameron), and three separate corporations that have since merged into Cooper Industries, Inc. (Cooper). Later, Employers Casualty Co., the workers compensation insurer for Brown's employer, intervened seeking recovery of amounts it had paid Brown.

Brown is domiciled in Louisiana. All of the defendants are domiciled in, or are citizens of, states other than Louisiana. Although the defendants were promptly served, none of them sought removal to federal court.

Following a lengthy period of discovery and additional pleading, on February 11, 1985, Brown added the FMC Corporation and its WECO Division (FMC/WECO) as additional defendants, alleging that WECO had manufactured the specific product that failed at the time of the accident. FMC/WECO promptly petitioned for removal to federal court. All of the original defendants concurred in the petition and the case was removed to U.S. district court. Brown and Employers Casualty then moved to remand to state court on the ground that the removal had been untimely. The district judge denied the motion. Brown and Employers Casualty then petitioned for permission to appeal the order. After the district court had certified the order as appealable under 28 U.S.C. § 1292(b), Employers Casualty alone sought and obtained this court's permission to appeal.

## II.

Brown has not appealed the district court order. This raises the question whether Employers Casualty, which is only an intervenor, has standing to do so. The right of an intervenor to challenge the removal of an action from state to federal court is a procedural issue to be resolved by the application of federal law. The removal statute is "intended to have uniform nationwide application."[1] Therefore, it is "unaffected by local law definition or characterization of the subject matter to which it is to be applied.... [The removal statute establishes] its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts."[2] Accordingly, this court has held that "construction of the removal statute is a question of federal law."[3]

Under federal law, an intervenor of right " 'is treated as if he were an origi-

1. *Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 705, 92 S.Ct. 1344, 1349, 31 L.Ed.2d 612 (1972).

2. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941).

3. *Paxton v. Weaver,* 553 F.2d 936, 940 (5th Cir. 1977).

nal party and has equal standing with the original parties.' " [4] Employers Casualty therefore has standing to challenge the removal.

As a corollary to the standing argument, Cameron asserts that, because Brown has not appealed the denial of a remand, his case will be tried in federal court regardless of the disposition of this appeal. Thus, Cameron asserts, "judicial economy" requires that this court deny the appeal. Cameron cites no authority for its claim that the removal statutes would permit the resolution of different parts of the case in different forums; on the contrary, if removal was improvidently granted, "the case" must be remanded to state court.[5] Conversely, if removal was proper, the case will remain in federal court.

### III.

■ We turn then to the question of the timeliness of the petition for removal. "The petition for removal of a civil action ... shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action ... is based, or within thirty days after ... the case ... has become removable." [6] This case was removable the day process was served in 1980. The original defendants, all diverse from Brown in citizenship, could have removed the action by seeking removal within thirty days of service of the first defendant. While the time limitation for removal is not jurisdictional, and, therefore, may be waived,[7] failure to petition for

removal within thirty days may render removal improvident within the meaning of 28 U.S.C. § 1447(c).[8]

■ In the absence of waiver of the time limit by the plaintiff, or some equitable reason why that limit should not be applied, however, a defendant who does not timely assert the right to remove loses that right. Even a defendant who petitions timely may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of that court.[9] Here all of the appellees but FMC/WECO not only let the thirty-day period elapse, but also defended this action in state court for four years. They filed answers, amended answers, motions of various kinds, third party demands, cross claims, amended cross claims, and participated in discovery and depositions.

FMC/WECO cannot obtain removal without the consent of the remaining defendants. It is well established that, under 28 U.S.C. § 1446(c), all defendants must join in a removal petition.[10] No appellate court has yet decided whether defendants who have waived the right to seek removal directly are also precluded from joining in a removal petition. The general rule, however, is that "[i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove ... due to the rule of unanimity among defendants which is required for removal." [11] District

**4.** *Donovan v. Oil, Chemical, and Atomic Workers International Union, and its Local 4–23,* 718 F.2d 1341, 1350 (5th Cir.1983), *cert. denied,* 466 U.S. 971, 104 S.Ct. 2344, 80 L.Ed.2d 818 (1984), *quoting* 7A C. Wright & A. Miller, Federal Practice and Procedure, § 1920, at 611 (1972). *See also, Ecee, Inc. v. Federal Energy Regulatory Commission,* 645 F.2d 339, 351 (5th Cir.1981).

**5.** 28 U.S.C. § 1447(c).

**6.** 28 U.S.C. § 1446(b).

**7.** *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir.1983).

**8.** *London v. U.S. Fire Insurance Co.,* 531 F.2d 257, 260 (5th Cir.1976).

**9.** *See Schell v. Food Machinery Corp.,* 87 F.2d 385, 388 (5th Cir.), *cert. denied,* 300 U.S. 679, 57 S.Ct. 670, 81 L.Ed. 883 (1937).

**10.** *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing, Local 349,* 427 F.2d 325, 326–27 (5th Cir. 1970).

**11.** 1A J. Moore, Moore's Federal Practice, ¶ 0.168 [3.5–5], 586–87 (2d ed. 1985). *See also* 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3732 at 531–32.

courts in this circuit have followed this rule.[12]

The rule follows logically from the unanimity requirement, the thirty-day time limit, and the fact that a defendant may waive removal by proceeding in state court. Moreover, by restricting removal to instances in which the statute clearly permits it, the rule is consistent with the trend to limit removal jurisdiction[13] and with the axiom that the removal statutes are to be strictly construed against removal.[14]

 The general rule has been criticized as unfair. Wright, Miller, & Cooper, for example, point out that it deprives defendants served after the thirty-day period "of the opportunity to persuade the first defendant to join in the removal petition."[15] This criticism is apparently the sole authority supporting the "equitable" approach the trial court followed in denying removal. We do not find it persuasive. None of the decisions cited by Wright, Miller, & Cooper actually followed what they call an equitable approach: on the contrary, each cited case followed the general rule. More important, we do not perceive the suggested unfairness to the subsequently added defendant who is merely not granted an opportunity that might have been available to others. A defendant who is added to a case in which a co-defendant has failed to seek removal is in no worse position than it would have been in if the co-defendant had opposed removal or were domiciled in the same state as the plaintiff. To permit the defendants in this case to obtain removal after they have tested state-court waters for four years would give them a second opportunity to forum-shop and further delay the progress of the suit. The unfairness of this to the plaintiff outweighs the unfairness, if any, to the last-joined defendant. The forum for a suit ought to be settled at some time early in the litigation.

We establish no inexorable time limit. Exceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served. No such circumstance is present here. The evidence does not establish that Brown was aware that FMC/WECO was a proper defendant within the thirty day time limit but delayed naming it as a defendant in a bad faith effort to prevent removal.

Accordingly, the trial court's denial of the remand petition is REVERSED and the case is REMANDED to the district court with instructions to remand the cause to the state court.

---

**12.** *Brooks v. Rosiere*, 585 F.Supp. 351, 352–53 (E.D.La.1984); *Friedrich v. Whittaker Corp.*, 467 F.Supp. 1012, 1013–14 (S.D.Tex.1979).

**13.** C. Wright, The Law of Federal Courts, § 38, 219 (4th ed. 1983).

**14.** *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

**15.** 14A C. Wright, A. Miller & E. Cooper, *supra* note 11 at 532. *But cf.* 1A J. Moore, *supra* note 11 at 586–87.