**Juan CASTRO, Yolanda Castillo, Bernardo Chavez, Carlos Sandoval, Sandoval Guerra, Jr., and Leonel Garcia, Plaintiffs,**

**v.**

**FEDERAL EXPRESS CORP. and Rozana Mendoza, Defendants.**

**Civ. A. No. L–95–3.**

United States District Court, S.D. Texas, Laredo Division.

Feb. 15, 1995.

James K. Jones, Mann & Jones, Laredo, TX, for plaintiffs.

Alfred John Harper, II, Fulbright & Jaworski; Nancy Lynne Patterson, Weil Gotshal & Manges, Houston, TX, and Lowell A. Keig, San Antonio, TX, for defendants.

### MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending before this Court is Plaintiffs' motion to remand this action to state court. Plaintiffs brought suit against Defendants in state district court on December 1, 1994, asserting claims under Title VII and state law. Plaintiffs served Defendant Roxanna Mendoza on December 2, 1994 and Defendant Federal Express on December 9, 1994. Federal Express removed the case on January 9, 1995 pursuant to 28 U.S.C. §§ 1446(b) and 1331. On January 19, 1995, Plaintiffs

moved to remand on the ground that Mendoza had not joined in removal.[1] Mendoza finally joined in the removal on January 23, 1995.

 Removal must occur within thirty days of the date the first defendant was served. *Getty Oil Corp. v. Insurance Co. of N. Am.,* 841 F.2d 1254, 1263 (5th Cir.1988). Because Mendoza was served on December 2, 1994, Defendants should have removed by January 2, 1995. Yet, Federal Express did not file its notice of removal until January 9. Moreover, although Mendoza was required to join in the removal by the January 2 deadline, *id.,* she did not do so until January 23. The removal was untimely.

Federal Express claims that the removal was nonetheless proper for two reasons. First, it points to *McKinney v. Board of Trustees,* 955 F.2d 924 (4th Cir.1992), a recent Fourth Circuit opinion criticizing the Fifth Circuit's rule in *Getty Oil* as inequitable. It is not within the power of this Court to disregard applicable Fifth Circuit precedent. Until the Fifth Circuit holds otherwise, this Court is bound to follow *Getty Oil.*

██ Second, Federal Express argues that "exceptional circumstances" justify the late removal. *See Brown v. Demco, Inc.,* 792 F.2d 478, 481–82 (5th Cir.1986) (stating that exceptional circumstances might justify removal even when later-joined defendant petitions for removal more than thirty days after first defendant served). Federal Express claims that ethical concerns prohibited it from contacting Mendoza personally to determine when she had been served because Mendoza had recently been terminated by Federal Express and was threatening suit against the company.[2] It contends that it

could not have known that Mendoza had been served and had retained counsel prior to December 27, 1994, when counsel for Federal Express first learned that Attorney Martha Fitzwater had filed an answer on Mendoza's behalf. By this date, Fitzwater had left her office for the holidays and did not return until January 4, 1995.

The Court does not believe that "exceptional circumstances" exist in this case. While ethical rules might arguably have prohibited Federal Express from contacting Mendoza directly, the return of service as to Mendoza was filed in the Webb County District Clerk's office on December 6, 1994. Plaintiffs' Memorandum of Authorities in Support of Motion to Remand, Exh. A. Thus, had Federal Express acted diligently, it would have known in early December that Mendoza had been served.

Instead of promptly contacting the District Clerk's office to inquire whether Mendoza had been served, Federal Express did nothing until December 20. On that day, it sent a letter, via its own delivery service, to Attorney Rosaura Tijerina, whom Mendoza had retained to represent her in her own dispute against the company. The letter inquired whether Tijerina was handling Mendoza's defense in this case and whether Mendoza would consent to removal. Although Tijerina did not respond to the letter, Federal Express failed to follow-up this effort with phone calls or subsequent letters.

In fact, Federal Express did nothing until December 27, when a review of "PACER" revealed that Martha Fitzwater had filed an answer on Mendoza's behalf. Then counsel for Federal Express attempted unsuccessfully to telephone Fitzwater several times concerning removal. Even assuming Fitzwater

---

1. Inexplicably, Plaintiffs filed a motion for leave to file the motion to remand. The Court's leave is not required to file a motion to remand. Nevertheless, the Court now grants Plaintiffs' motion and treats the motion to remand as if it were filed on January 19, 1995, the date Plaintiffs filed their motion for leave.

2. Federal Express does not refer the Court to a specific provision of the Texas Rules of Professional Conduct. Rule 4.02 governs a lawyer's communications with persons represented by counsel. It states that "[i]n representing a client, a lawyer shall not communicate ... about the

subject of the representation with a person ... the lawyer knows to be represented by another lawyer regarding that subject...." Although there is virtually no commentary or case law on point, the Court doubts that Federal Express would have violated the rule by contacting Mendoza for the limited purpose of determining whether she had been served and whether she had retained counsel. Nevertheless, for the purposes of this opinion, the Court will assume that Federal Express properly refrained from contacting Mendoza directly.

was on vacation between December 27 and January 4, there is no evidence that Fitzwater was totally incommunicado during this period. There is no suggestion that Federal Express left a message for Fitzwater or attempted to locate her at home. Moreover, although Federal Express and Fitzwater's co-counsel, Lowell Keig, eventually communicated with each other on January 9, Mendoza did not consent to removal until January 23. This delay is unjustified under any circumstances. Finally, the scope of the "exceptional circumstances" exception has never been defined by the Fifth Circuit, but to the extent that it relies on conduct by the plaintiff deliberately designed to thwart removal, *see Brown,* 792 F.2d. at 481–82, no such circumstances exist here.

Because there are no "exceptional circumstances" justify the untimely removal of this case, Plaintiffs' motion to remand is GRANTED.