**Robert WEINKE, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**MICROSOFT CORPORATION, Defendant.**

**No. Civ.A. 99–C–1505.**

United States District Court, E.D. Wisconsin.

Feb. 18, 2000.

Leonard B. Simon, Milberg Weiss Bershad Hynes & Lerach, San Diego, CA, David J. Bershad, Milberg Weiss Bershad Hynes & Lerach, New York City, Ken Vianale, Milberg Weiss Bershad Hynes & Lerach, Boca Raton, FL, Mark D. Bogen, Attorney–at–Law, Deerfield Beach, FL, John F. Maloney, McNally, Maloney & Peterson, s.c., Milwaukee, WI, for plaintiff.

W. Stuart Parsons, Jeffrey Morris, Quarles & Brady, LLP, Milwaukee, WI, David B. Tulchin, Sullivan & Cromwell, New York City, Charles B. Casper, Montgomery, McCracken, Walker & Rhoads, LLP, Philadelphia, PA, Steve W. Berman, Hagens Berman, Seattle, WA, Thomas W. Burt, Richard Wallis, Microsoft Corp., Redmond, WA, for defendant.

**ORDER DATED Feb 18, 2000 GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS and DENYING PLAINTIFF'S MOTION TO REMAND**

REYNOLDS, District Judge.

On December 20, 1999, plaintiff Robert Weinke ("Weinke") filed this class action complaint in Milwaukee County Circuit Court, alleging that defendant Microsoft Corporation ("Microsoft") has engaged in various monopolistic activities. Microsoft timely removed the action to this court, alleging that this court has jurisdiction over this action based on 28 U.S.C. § 1332, because there is diversity of citizenship and the amount in controversy exceeds $75,000.

Microsoft has filed a motion to stay these proceedings, pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") as to whether this action will be transferred to a district along with similar civil actions for pretrial proceedings. Weinke has filed a motion to remand this action to state court, arguing that this court does not have subject mat-

ter jurisdiction because Microsoft cannot establish that the amount-in-controversy element of diversity jurisdiction has been met.

Microsoft's counsel has represented that more than fifty similar class actions have been commenced against Microsoft around the country, and that as of February 2, 2000, remand motions are pending in eighteen of those actions. (Def.'s Feb. 2, 2000 Br. at 1–2.)

Weinke cites no controlling authority which would divest this court of its discretion to stay this action under the present circumstances. Weinke states in conclusory fashion that if this action is not remanded, the action will be "tied up indefinitely" and subjected to "prolonged delay and greater geographic disruption" in MDL proceedings (assuming the MDL Panel orders a transfer), and that a stay would "perpetuate the prejudice to the plaintiff." (Pl.'s Jan. 19, 2000 Br. at 3, 11, 16.) These cursory assertions of prejudice do not outweigh the disadvantages of litigating identical claims in a multitude of venues. The court concludes that in light of the pending MDL Panel ruling on transfer, this action should be stayed in the interest of judicial economy and to avoid inconsistent results.

### CONCLUSION

Defendant Microsoft Corporation's motion to stay all proceedings in this action is **GRANTED.**

All proceedings in this action, including ruling on plaintiff Robert Weinke's motion to remand, are **STAYED** pending a determination by the Judicial Panel on Multidistrict Litigation as to whether this action should be transferred pursuant to 28 U.S.C. § 1407.