UNITED PLUMBING & HEATING CO., INC. A/K/A United Plumbing & Air Conditioning, Homer L. Thomas, John J. Thomas, Sr., Maurice C. Thomas, Jr., Hunter C. Martin, Charlie Bacon, Jr., and Debra L. Thornton, Plaintiffs,

v.

Larry L. LEWIS, Progressive Leasing, Inc. D/B/A People Lease, People Lease, Inc., Central Mississippi Leasing, Inc., Mid–South Business Services, Inc., Mississippi Administrative Service, Inc., and Does I–X Defendants

No. CIV. A. 3:00CV416LN.

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 18, 2000.

Suzanne N. Saunders, Saunders & Wiggins, Jackson, MS, for Plaintiff.

Robert L. Wells, Young, Williams, Henderson & Fuselier, Jackson, MS, Mark David Morrison, Ken R. Adcock, Hickman, Goza & Gore, PLLC, Ridgeland, MS, James P. Streetman, III, Lee C. England, Clark, Scott & Streetman, Jackson, MS, for Defendant.

*MEMORANDUM OPINION*
*AND ORDER*

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiffs, pursuant to 28 U.S.C. § 1446, to remand this case to the Circuit Court of the First Judicial District of Hinds County, Mississippi. Defendants have responded in opposition to the motion and the court, having considered the parties' memoranda of authorities in light of the record in this cause, concludes that plaintiffs' motion is due to be granted.

On April 28, 2000, plaintiffs filed this suit in state court against defendants for their alleged bad faith breach of an employee leasing agreement with the corporate plaintiff. With the exception of defendant Larry Lewis, plaintiffs served process on each of the defendants on May 3, 2000, and served Lewis the following day, May 4. Thereafter, on May 31, all but one of the defendants, namely Mississippi Administrative Service, Inc., filed a notice of removal pursuant to 28 U.S.C. § 1446, in which they asserted that this case arises under federal law inasmuch as plaintiffs' claims relate to an employee welfare benefit plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* These same defendants on June 5 filed an amended notice of removal, evidently in order to make reference to 28 U.S.C. § 1441 (providing in subsection (b) for removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States. . . ."). Subsequently, on June 7, the lone remaining defendant, Mississippi Administrative Service, Inc., filed its joinder in the notice of removal.

In their motion to remand, plaintiffs advance three separate grounds for remand. First, they maintain that this case is non-removable by virtue of 28 U.S.C. § 1445(c), which prohibits removal of "[a] civil action in any State court arising under the work-men's compensation laws of such state." Second, they argue that although an ERISA plan is involved in this case, their claims are not preempted by ERISA. And finally, they urge that the case should be remanded because all defendants did not timely join in the removal. While the court is not impressed by plaintiffs' position on the first two of these points, the court recognizes that the case was not timely removed and must therefore be remanded.

 On the subject of timeliness of a notice of removal, 28 U.S.C. § 1446(b) states that "[t]he petition for removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based, or within thirty days after . . . the case . . . has become removable." Further, "[i]t is well established that, under 28 U.S.C. § 1446(b), all defendants must join in a removal petition." *Brown v. Demco, Inc.*, 792 F.2d 478, 481–82 (5th Cir.1986); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n. 9 (5th Cir.1988) (noting that § 1446(a) "has been interpreted to require that all then served properly joined defendants join in the removal petition."). And in the Fifth Circuit, the notice of removal must be filed within thirty days of service on the first defendant. *See Getty*, 841 F.2d at 1262; *Prescott v. Memorial Medical Center–Livingston*, No. 9:00CV–00025, 2000 WL 532035, at *3 (E.D.Tex. March 25, 2000) (citing *Getty Oil*). Thus, since "[a]ll served defendants must join in the removal, and since the notice of removal must be filed within 30 days of service on the first defendant, all served defendants must join in the removal no later than 30 days from the day on which the first defendant is served." *Prescott*, 2000 WL 532035, at *3 (citing *Getty Oil*). That did not happen here.

Although defendants refuse to acknowledge it, it is a fact that Mississippi Admin-

istrative Service's joinder was not timely.[1] Still, defendants argue that the court should nevertheless deny remand on the basis that despite any failure of this defendant to formally join in the notice of removal within the thirty-day time limit for removal, plaintiffs knew that Mississippi Administrative Services consented to the removal, and that in any event, other exceptional circumstances exist in this case which would render strict enforcement of the thirty-day time limit inequitable. In the court's opinion, though, in the circumstances presented, plaintiffs' alleged knowledge of Mississippi Administrative Service's consent to removal is not relevant and defendants have failed to identify any other circumstance which could appropriately qualify as exceptional so as to entitle them to relief from the time bar of § 1446(b).

A scenario similar to that here involved was presented in *Getty Oil*, 841 F.2d 1254. There, although the first defendant (INA) was served fifty-one days before the other defendant (NL) filed its joinder and consent to removal, the defendants argued that there "was no real issue regarding the timeliness of NL's joinder because NL consented to removal when INA submitted the original removal petition on September 26, 1986, well before the expiration of the thirty-day limitations period." *Id.* at 1262, n. 11. "They contend[ed] that in multiple defendant cases consent to removal is all that is required under section 1446, and since INA stated in the original petition that NL consented to removal, NL satisfied the statute's time requirements." *Id.* The Fifth Circuit rejected their argument, stating as follows:

But while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant. In the present case, nothing in the record, except INA's unsupported statement in the original removal petition, indicates that NL actually consented to removal when the original petition was filed. INA's removal petition alleged that NL had not been served and "therefore . . . need not join the removal Petition," and that NL "do[es] not oppose and consent[s] to this Petition for Removal"; it does not allege that NL has authorized INA to formally (or otherwise) represent to the court on behalf of NL that NL has consented to the removal. Accordingly, there was no adequate allegation or showing of NL's actual joinder in or consent to the original removal petition.

*Id.*

■ The question, then, is whether any circumstance exists to justify relief from the thirty-day time bar. In *Brown v. Demco, supra*, the Fifth Circuit recognized that "[t]he general rule . . . is that [i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of una-

1. Defendants first "represent to the court that they did timely file, in the sense that the Plaintiffs' counsel had actual knowledge of all the defendants' intent to remove this action in time." However, an awareness by plaintiffs' counsel that the defendants intend to remove a case is not an effective substitute for timely removal. Defendants further point out that Mississippi Administrative Service's joinder and accompanying certificate of service (re-flecting the date it was mailed) are actually dated June 5, a date arguably within thirty days of service on the first defendant. The court fails to comprehend the purported significance of this fact, inasmuch as defendants do not and cannot controvert the manifest fact that the joinder was not actually filed with the court—or for that matter received by plaintiffs—until June 7.

nimity among defendants which is required for removal". *Brown*, 792 F.2d at 481. The court thus held that a newly added defendant could not remove after expiration of thirty days from service on the first defendant in the absence of evidence that the plaintiff knew that the new defendant was a proper defendant within the thirty-day removal limit and delayed naming it as a defendant in a bad-faith effort to prevent removal. In reaching this conclusion, the court observed,

> Exceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served. No such circumstance is present here. The evidence does not establish that Brown was aware that FMC/WECO was a proper defendant within the thirty day time limit but delayed naming it as a defendant in a bad faith effort to prevent removal.

*Brown*, 792 F.2d at 482. The court went on to say,

> The general rule has been criticized as unfair.... [W]e do not perceive the suggested unfairness to the subsequently added defendant who is merely not granted an opportunity that might have been available to others. A defendant who is added to a case in which a co-defendant has failed to seek removal is in no worse position than it would have been in if the co-defendant had opposed

removal or were domiciled in the same state as the plaintiff. *Id.* at 481.[2] *See also* 14C Charles A. Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure* § 3732, at 329 (3d ed.1998) (recognizing that "[t]here are some cases ... in which the plaintiff's conduct has been held to extend the thirty-day period under principles of waiver of [sic] estoppel").

In opposition to the motion, defendants urge two equitable considerations which they contend warrant denial of plaintiffs' motion to remand. First, they contend that plaintiffs are, in effect, to blame for the untimely joinder of Mississippi Administrative Service since plaintiffs essentially concealed the federal nature of their claim, pleading only state causes of action. While the court does not necessarily agree that plaintiffs' complaint represents an attempt by plaintiffs to disguise an ERISA claim as a state law claim, or that such an attempt would constitute an "exceptional circumstance" that would justify extension of the time limit for removal, the court would note that defendants' argument in this regard fails to account for the fact that despite plaintiffs' alleged obfuscation, all of the defendants still were able to ascertain the basis for removal within thirty days, as evidenced by the fact that all of the defendants prepared a notice of removal and/or joinder within the thirty days. One simply did not manage to timely file its joinder.

2. In *Doe v. Kerwood*, the Fifth Circuit reaffirmed its holding in *Brown*, explaining,

> The Red Cross ... suggested during the oral argument of this case that the rule requiring the consent of all defendants is subject to abuse by plaintiffs. This argument is based on the interaction between 28 U.S.C. § 1446(b) and the rule itself. Section 1446(b) requires that a notice of removal be filed within thirty days after the receipt by the defendant of the initial pleading or the summons. This Court has interpreted that provision to mean that a defendant who does not petition for removal within that time period loses the right to remove and is precluded from joining in a later removal petition. The Red Cross ar-

gues that a plaintiff could therefore serve all of the defendants other than the Red Cross, wait for the expiration of thirty days, and then serve the Red Cross. In these circumstances, the Red Cross argues, the co-defendants would be precluded from consenting to the removal. This scenario does not justify the creation of an exception to the unanimous consent rule. First of all, this scenario does not describe the sequence of events in this case. More importantly, should such a situation arise, it is within the equitable power of the court to consider such exceptional circumstances on a case-by-case basis. *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992).

Defendants further argue that to grant remand would simply be unfair under the circumstances. However, while those defendants that did timely file their removal notice may consider it unfair to them that Mississippi Administrative Service failed to timely file its joinder—a circumstance over which they had no control—it strikes the court that as far as their interest is concerned, this result is no less fair than the result that would obtain had Mississippi Administrative Service simply elected to remain in state court. That is to say, since consent of all the defendants is required to effect removal, "one defendant always can preclude removal by refusing to join in the notice of removal." Wright & Miller, § 3732, at 337–38. Accordingly, fair or not, the untimeliness of the joinder is not a function of any bad-faith manipulation on the part of the plaintiffs and therefore, it is ordered that plaintiffs' motion to remand is granted.