Wayne SMITH, individually, on behalf of all others similarly situated, and on behalf of the general public, Plaintiff,

v.

MAIL BOXES, ETC. USA, INC., Mail Boxes Etc., Inc.; BSG Holdings, Inc.; BSG Holdings Subsidiary, Inc.; and Wesley Davis and Sonya Davis, doing business as MBE # 1614 on behalf of themselves and as Defendant Class Representatives on behalf of all Mail Boxes, Etc. Inc. franchisees, Defendants.

No. CIV.S–01–2271WBS/DAD.

United States District Court, E.D. California.

March 19, 2002.

Kevin P. Roddy, Hagens Berman, Los Angeles, CA, Tracey Stevens BuckWalsh, Law Office of Tracey BuckWalsh, Sacramento, CA, for Plaintiff.

Alan G. Perkins, Daniel L. Egan, Paul T. Friedman, Wilke, Fleury, Hoffelt, Gould and Birney, Sacramento, CA, for Defendant.

### MEMORANDUM AND ORDER

SHUBB, District Judge.

Defendants move to stay this action pending the resolution of the Judicial Panel on Multidistrict Litigation's determination whether to transfer this action to a

multidistrict litigation proceeding pending in the Southern District of New York. Plaintiff Wayne Smith opposes a stay and moves to remand this case to Sacramento County Superior Court.

## I. *Factual and Procedural Background*

On February 10, 2000, plaintiff brought this action as a purported class action lawsuit in Sacramento County Superior Court against Mail Boxes Etc. USA, Inc., asserting various consumer protection claims under state law on behalf of California residents who purchased "excess value" insurance coverage when shipping packages through the defendant. On November 13, 2001, plaintiff filed a Second Amended Complaint, asserting state law claims against the following defendants: Mail Boxes Etc. USA, Inc. and its corporate successors-in-interest, BSG Holdings, Inc. and BSG Holdings Subsidiary, Inc.; Mail Boxes Etc., Inc.[1] ("New MBE"), a subsidiary of United Parcel Service, Inc. ("UPS"); and Wesley Davis and Sonya Davis, dba MBE # 1614. Plaintiff also expanded the proposed California resident plaintiff class to a proposed nationwide class.

On December 11, 2001, New MBE filed a notice of removal and a motion to stay.[2]

Concurrent with the filing of the stay motion, UPS filed with the Judicial Panel on Multidistrict Litigation ("MDL Panel") a Notice of Additional Action Related to *In Re United Parcel Service, Inc., Excess Value Insurance Coverage Litigation*, a consolidated multidistrict proceeding in the Southern District of New York. On January 11, 2002 the MDL Panel issued a Conditional Transfer Order.[3]

Defendants move to stay this action, arguing that the MDL Panel is likely to transfer this suit to the MDL Proceedings because both actions arise from a common core of overlapping facts.[4] Defendants contend that a stay of this action would promote efficiency by preventing the unnecessary use of judicial resources, eliminating the potential for inconsistent rulings on pretrial motions, eliminate the burden of duplicative discovery, and reduce the overall costs for the parties. (New MBE Mot. to Stay at 2). Defendants note that at least sixteen district courts have entered orders staying similar excess value class actions against UPS pending the determination of an MDL transfer. (*Id.* at 10).

Plaintiff argues that removal of this action was procedurally defective and moves

---

1. At the time the original complaint was filed, the franchisor of Mail Boxes Etc. Centers was BSG Holdings Subsidiary, Inc., then known as "Mail Boxes Etc. USA, Inc.", a California Corporation which was owned by BSG Holdings, Inc., then known as "Mail Boxes Etc.," a California corporation, which was owned by U.S. Office Products, Inc. ("USOP") (New MBE's Opp'n at 5). In April 2001, United Parcel Service General Services Co., an indirect wholly owned subsidiary of United Parcel Service, Inc., a Delaware corporation ("UPS") acquired from USOP substantially all of the assets of BSG Holdings, Inc. (then known as Mail Boxes Etc.) and BSG Holdings Subsidiary, Inc. (then known as Mail Boxes Etc. USA, Inc.). UPS created an indirect wholly owned subsidiary to hold its new assets, which is now known as Mail Boxes Etc.,

Inc. ("New MBE"), a Delaware corporation. Defendants indicate that the purchase agreement provided that UPS/New MBE would not assume liability for "pre-closing claims," including liability arising from this suit. (Herskowitz Decl. ¶¶ 3–4).

2. The remaining defendants have consented to removal.

3. The MDL Panel has set a hearing to consider plaintiff's objections to the Conditional Transfer Order without oral argument on March 21, 2002.

4. New MBE filed the motion to stay, which has been joined by the remaining defendants. All defendants also oppose plaintiff's motion to remand.

to remand it to state court. He contends that the failure of the Mail Boxes Etc. USA, Inc., the first-served defendant, to initially remove this action when it was served with plaintiff's complaint in February 2000 estops it from joining New MBE's notice of removal and/or waives the other defendants' right of removal. (Pl.'s Mot. to Remand at 7–10).

## II. *Discussion*

A district court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. American Water Works & Elec. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Where an action may be transferred by the MDL Panel to a consolidated MDL proceeding, some courts have determined that a stay of the action is appropriate if it serves the interests of judicial economy and efficiency. *See, e.g., Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360–61 (C.D.Cal.1997) (staying action pending transfer decision by MDL panel after finding that judicial resources would be conserved and defendant would not be prejudiced); *Weinke v. Microsoft Corp.*, 84 F.Supp.2d 989, 990 (E.D.Wis.2000) (staying action, including remand motion, pending MDL Panel transfer decision after finding that a stay would serve the interests of judicial economy and avoid inconsistent results in multiple venues); *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99 C 5182, 1999 U.S. Dist. LEXIS 18023, at *5 (N.D.Ill. Nov.10, 1999) (same).

Motions for transfer pending before an MDL Panel do not, however, limit the pretrial jurisdiction of the district court. Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation specifies that:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

J.P.M.L. R. 1.5 (2001). In circumstances where the jurisdiction of the court is at issue, several courts have determined that jurisdictional issues should be resolved before the court determines if a stay is appropriate. *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 809 (N.D.Cal.1998) (granting stay pending MDL transfer decision after considering jurisdictional issues in remand motion); *Tortola Rest., L.P. v. Kimberly–Clark Corp.*, 987 F.Supp. 1186, 1188–89 (N.D.Cal.1997) (denying stay motion and addressing merits of motion to remand); *Kohl v. Am. Home Products Corp.*, 78 F.Supp.2d 885, 888 (W.D.Ark. 1999) (granting stay following determination that removal was proper and denial of remand was warranted); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F.Supp.2d 1042, 1047 (D.Kan. 1999) (reasoning that preliminary jurisdictional issue should be determined on motion to remand before court considers staying the action).

Here, because plaintiff seeks to remand this action to state court on the ground that removal by New MBE was procedurally improper, whether this court has jurisdiction is a preliminary issue that should be resolved at the outset. *See Villarreal v. Chrysler Corp.*, No. C–95–4414, 1996 WL 116832, at *1 (N.D.Cal. Mar.12, 1996) (reasoning that "[j]udicial economy will best be served by addressing the remand issue" instead of granting a stay "because a determination on this issue will facilitate litigation in the appropriate forum") Thus, this court addresses the merits of plaintiff's remand motion before considering if a stay is appropriate.

## A. Removal Standard

A civil action filed in state court that might have been brought originally in federal court may be removed by "the defendant or the defendants." 28 U.S.C. § 1441. Section 1446(b) sets forth a time limit for removal, providing that "[t]he notice of removal ... shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading." 28 U.S.C. § 1446(b).

Section 1446(b)'s thirty-day window is readily applied when a single defendant is named in a suit. A sole defendant who fails remove within thirty days of service waives the right of removal.[5] *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir.1989). The suit thus remains in state court or can be remanded if the removal violated the thirty-day limit. *Id.* The thirty-day limitation is also easily applied when there are multiple defendants who are all served within the same thirty day period. In those cases, the judicially-created "unanimity rule" requires that all defendants join or consent to the removal petition. *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir.1998); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir.1986).

## B. The First–Served and Last–Served Defendant Rules

The problem in applying section 1446(b)'s time limitation arises when there are multiple defendants who are either added or served at different times. Given that the plain language of section 1446(b) refers only to "the defendant," the statute leaves open the question of whether, in a multiple defendant action, the thirty-day window for removal expires after service on the first defendant, or if each defendant is afforded thirty days to remove a case. *See Griffith v. American Home Products Corp.*, 85 F.Supp.2d 995, 997 (E.D.Wash. 2000) (finding that related question left open is whether first-served defendant, by failing to remove within thirty day period, waives right to consent to removal by later-served defendant).

Here, plaintiff argues that the failure of Mail Boxes Etc. USA, Inc. to remove this action within thirty days after it was served in February 2000, renders New MBE's removal notice untimely and prevents removal to this court. (Pl.'s Mot. at 9). In order to accept plaintiff's argument, this court would have to apply the "first-served defendant" rule, which holds that the thirty-day limit on filing a removal petition under section 1446(b) begins to run from the time of service on the first-served defendant. Defendant argues that this court should apply the "last-served defendant" rule, which holds that each defendant has thirty days from the time it was served to remove an action.

Several cogent rationales have been expressed in support of both the first-served defendant rule and the last-served defendant rule. *See, e.g., Uriarte v. R. & J. Machinery*, No. C 00–03196, 2000 U.S.

---

**5.** The Supreme Court clarified that a defendant's time to remove begins only after formal service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). In *Murphy Brothers*, the court held that a defendant's removal period is only "triggered by simultaneous service of the summons and complaint, or receipt of the complaint ... after and apart from service of the summons, but not by mere receipt of the complaint unattended by formal service." *Id.* The Court reasoned that "unless a named defendant agrees to waive service, the summons continues to function as the sine qua non directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 350, 119 S.Ct. 1322.

Dist. LEXIS 18084, at *6 (N.D.Cal. Dec. 4, 2000) (reasoning that first-served view is supported by principle of strict construction of removal statute against removal and interest in settling litigation forum early, while last-served rule eliminates unfairness to later-served defendant and is not inconsistent with language of removal statute).

Neither the Supreme Court nor the Ninth Circuit have squarely addressed the issue of which of these two rules applies, and district courts in the Ninth Circuit have diverged in applying the thirty-day limit to multiple defendant actions.[6] Compare *Dunn v. Gaiam, Inc.*, 166 F.Supp.2d 1273, 1278–79 (C.D.Cal.2001) ("Once the right to removal is waived, it is generally waived for all time (and for all defendants), regardless of subsequent changes in the case."), *with Goularte v. ABEX Corp.*, No. 97–1265, 1997 WL 294397, at *2 (N.D.Cal. May 28, 1997) ("Although a 'first-served' defendant may waive its own right to remove by failing to timely do so, [§ 1446(b)] does not place a time limit on consent to removal ... [c]reating such a limit would effectively remove the protections of the removal statutes from defendants who have the misfortune to be served late in the action.").

Although several decisions refer to the first-served rule as the majority rule and the last-served rule as the minority rule, see for example, *McAnally Enterprises, Inc. v. McAnally*, 107 F.Supp.2d 1223, 1227–29 (C.D.Cal.2000); *Olsen v. Foundation Health Plan*, No. C 99–1804, 1999 WL 390842, at *2–3 (N.D.Cal. June 11, 1999); *Innovacom, Inc. v. Haynes*, No. C 98–0068, 1998 WL 164933, at *2 (N.D.Cal. Mar.17, 1998), it is not entirely clear to this court that the first-served interpretation constitutes the majority rule. While the majority of the published district court decisions have adopted the first-served rule, the body of published orders does not necessarily constitute a representative sample of actual decisions on this issue.

Furthermore, the last-served rule has been adopted by more appellate courts than the first-served rule. While the Fifth Circuit is the only appeals court to have explicitly adopted the first-served rule, *Brown v. Demco*, 792 F.2d 478, 482 (5th Cir.1986), the Sixth and Eighth circuits have concluded that the last-served interpretation is the better view.[7] *Marano Enterprises of Kansas v. Z–Teca Restaurants, L.P.*, 254 F.3d 753, 755–57 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging Inc.*, 184 F.3d 527, 533 (6th Cir. 1999). The Seventh Circuit has also questioned the soundness of the first-served rule in dictum. *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 353–55 (7th Cir. 2000).

**6.** Defendants criticize plaintiff's reliance on *Cantrell v. Great Republic Insurance Company*, 873 F.2d 1249, 1256 (9th Cir.1989), in which the Ninth Circuit rejected as untimely a notice of removal filed by a defendant served in an amended complaint over a year after service on the original defendant. This court agrees that *Cantrell* is distinguishable from the instant case because there, the newly served defendant had actively participated in the original state court litigation before being formally added to the amended complaint. *Id.* Here, New MBE did not act as a party to plaintiff's suit until it was served with his Second Amended Complaint in December 2001. (New MBE's Opp'n at 11–12).

**7.** The Fourth Circuit has created a limited exception to the first-served defendant rule, permitting a later-served defendant, who is served within the first-served defendant's thirty day window, thirty days to decide whether to join in an otherwise valid removal petition. *McKinney v. Board of Trustees of Maryland Community College*, 955 F.2d 924, 928 (4th Cir.1992). However, the Fourth Circuit noted in *McKinney* that a defendant served after the first-served defendant's removal period cannot remove the action. *Id.* at 926 n. 3.

### C. Analysis

Some courts have suggested that the first-served rule is consistent with the principle of strict statutory construction and Congressional intent to limit removal jurisdiction. *Brown*, 792 F.2d at 482. However, the plain language of section 1446(b) does not establish or even imply that the right to removal is waived by subsequent defendants upon the first-served defendant's failure to remove. *See Brierly*, 184 F.3d at 533 ("[A]s a matter of statutory construction, holding that the time for removal commences for all purposes upon service of the first defendant would require us to insert 'first' before 'defendant' into the language of the statute.").

The legislative history underlying the removal provisions is equally inconclusive. *See Griffith v. Am. Home Prod. Corp.*, 85 F.Supp.2d 995, 1001 (E.D.Wash.2000) (reasoning that the fact that a defendant served after a case has been removed may move to remand under section 1448 suggests that "Congress was not as concerned with establishing the forum of the suit early in the litigation as proponents of the first-served defendant rule would argue"). Because principles of statutory construction and legislative intent do not unequivocally resolve this issue, the court is inclined to examine the policy justifications in support of each rule in order to arrive at the proper interpretation.

This court is unpersuaded by the arguments offered in support of the first-served rule. One of the strongest arguments in favor of the first-served rule is that unless it is applied, defendants would have a second opportunity to forum-shop and further delay litigation. *Brown*, 792 F.2d at 482. Courts espousing this argument ignore the fact that, as in this case, a newly added defendant is often entirely unrelated to the original defendant, and did not have the opportunity to choose a federal forum in the first place. The prejudice imposed by the first-served rule upon a newly added defendant generally outweighs any potential inconvenience that may result from delay. Regardless of whether the action is removed, delay will inevitably accompany a plaintiff's decision to add a new defendant late in the litigation, including delay associated with amending the complaint and conducting more discovery.

The argument that a first-served defendant who waives the right to remove also waives the right to consent to a subsequently-filed removal petition is equally unconvincing. *Uriarte*, 2000 U.S. Dist. LEXIS 18084, at *5. This argument equates the right to remove with the right to consent to removal, a view that is not supported by the language of the removal statute. 28 U.S.C. § 1446. This view is also not compelled by the unanimity rule, which merely requires that all defendants consent to a removal petition. *Hewitt*, 798 F.2d at 1232. The unanimity rule does not specify that only the first-served defendant can file a removal petition. *Martin*, 178 U.S. at 248, 20 S.Ct. 854.

Even courts that have adopted the first-served rule acknowledge that its application may be inequitable in circumstances where a plaintiff manipulates service to prevent removal. *Brown*, 792 F.2d at 482. Those courts are assuaged by the "exceptional circumstances" exception, which permits removal by a later-served defendant in cases where a plaintiff abuses the rule by timing service to prevent removal or otherwise acts in bad faith. *Biggs Corp. v. Wilen*, 97 F.Supp.2d 1040, 1045 (D.Nev. 2000).

As a practical matter, this exception is more easily stated than applied. In order to determine when to invoke the exception, district courts would be compelled to make factual determinations about the

propriety of a plaintiff's intent and strategic litigation decisions. Given that removal petitions and motions to remand are typically filed at an early stage, before substantial discovery has been conducted, it is unlikely that courts would be disposed to make such determinations. In *Prescott v. Memorial Med. Center–Livingston*, the district court pointed out that the Fifth Circuit, which articulated the "exceptional circumstances" exception, "has never published an opinion in which it either found exceptional circumstances or further defined the term" No. 9:00CV–00025, 2000 WL 532035, at *5 (E.D.Tex. Mar.25, 2000).[8] The court also noted that "[d]istrict courts throughout the country have rarely found exceptional circumstances significant enough to prevent remand." *Id.* This exception is thus not a practical solution to the prejudice that may befall later-served defendants under the first-served rule.

This court is convinced that the last-served rule best balances fairness considerations to both plaintiffs and defendants. The rule discourages plaintiffs from manipulating service in order to prevent an otherwise removable case from being litigated in federal court. *Ford*, 857 F.Supp. at 710. Inevitably, plaintiffs who wish to keep a case in state court will be tempted to first serve a defendant who is unsophisticated in federal court practice and is unlikely to remove. The failure of this defendant to remove within thirty days should not foreclose the right of a later-served defendant to remove, given that the latter had no control over the first-defendant's removal decision. *Id.*

The last-served rule encourages a plaintiff who seeks to settle the forum early in the litigation to identify all defendants and serve them promptly. By joining all defendants at the outset, the plaintiff will minimize the uncertainties that may arise from later adding defendants. As the Eighth Circuit reasoned in *Marano*, it is the plaintiff who bears the responsibility of identifying and serving all defendants. 254 F.3d at 755 n. 3. The last-served rule maintains a plaintiff's control over when and where a case is filed and which defendants are named, but also ensures that no defendant is prejudiced by being forced to waive its rights before being formally added to the action.

The last-served rule is also more equitable because it affords each defendant the same procedural rights provided to earlier-served co-defendants. It has been argued that the first-served rule does not prejudice a last-served defendant because he is in no worse position than he would have been if an earlier-served defendant had declined to join in removal. *Brown*, 792 F.2d at 482. While this argument has some superficial appeal, it is unpersuasive. A newly added defendant should at least be afforded the opportunity to try to persuade other defendants to join in a removal petition, and the remaining defendants should not be precluded from consenting to removal. Various considerations that may not affect a defendant's initial decision about removal come into play when a later-served defendant is added to the suit.

Furthermore, the last-served rule does not circumvent the unanimity requirement, as it still gives any defendant who wishes to remain in state court the right to refuse to consent to another defendant's removal notice. *Ford*, 857 F.Supp. at 709–10.

If it were simply a question of which rule better fits the equities of this particular case, perhaps the court would be inclined to find in favor of plaintiff. However, this court's responsibility is to apply a single rule which takes into account the

---

**8.** *See also* C. Todd Hagins, *Sands in an Hourglass: Solving The Puzzle of Time Limits for* Removal to Federal Court, 68 Def. Couns. J. 421, 425 (2001).

rights and potential prejudice to all parties in all multiple defendant actions. There cannot be one rule that applies in one case and another rule that applies in another case depending on the equities of the particular case. The rule allowing each defendant to attempt to remove a case with the consent of the remaining defendants within thirty days after service is the rule that best serves these interests.

Under this analysis, New MBE's notice of removal was timely and this case was properly removed.[9]

IT IS THEREFORE ORDERED that plaintiff's motion to remand be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that all proceedings in this case are STAYED pending determination by the MDL panel on a transfer of this action. Defendants shall notify the court within five (5) days after receiving notice from the MDL Panel of the disposition of objections to the Conditional Transfer Order.

---

9. Because this case is stayed pending resolution of the MDL Panel's transfer decision, this court does not address the issue of federal question jurisdiction.