**TORTOLA RESTAURANTS, L.P., Plaintiff,**

v.

**KIMBERLY–CLARK CORP. et al., Defendants.**

No. C–97–2327 SI.

United States District Court, N.D. California.

Aug. 29, 1997.

William Bernstein, Lieff Cabraser Heimann & Bernstein LLP, San Francisco, CA, Guido Saveri, Saveri & Saveri, San Francisco, CA, Francis O. Scarpulla, Scarpulla & Scarpulla, San Francisco, CA, Mario N. Alioto, Trump Alioto Trump & Prescott, San Francisco, CA, for Tortola Restaurants, L.P..

Nathan P. Eimer, Sidley & Austin, Chicago, IL, for Kimberly–Clark Corp. and Scott Paper Co., Inc.

Philip F. Atkins–Patternson, Sheppard Mullin Richter & Hampton, San Francisco, CA, James J. Mittermiller, Sheppard Mullin Richter & Hampton, San Diego, CA, David Boies, David Boies & Associates, Bedford, NY, for Georgia–Pacific Corp.

Charles B. Cohler, Kevin C. McCann, Lasky Haas & Cohler, San Francisco, CA, Howard A. Ellins, Davis Polk & Wardwell, New York City, for Fort Howard Corp.

James R. Clark, Foley & Lardner, Milwaukee, WI, for Bay West Paper Corp.

Sandy K. Feldman, New York City, Eric Lobenfeld, Chardbourne & Parke, LLP, New York City, for Cascades Industries, Inc.

Daniel M. Janssen, Quarles & Brady, Milwaukee, WI, for Encore Paper Co., Inc.

David M. Balabanian, Angel A. Garganta, McCutchen Doyle Brown & Enersen, San Francisco, CA, Terrence M. Bagley, Woods Battle & Boothe, LLP, Richmond, VA, for James River Co., Inc.

Anthony A. Dean, Windles Marx Davies & Ives, New york City, for Marcal Paper Mills, Inc.

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO STAY**

ILLSTON, District Judge.

On August 29, 1997, the Court heard argument on plaintiff's motion to remand and defendants' motion for stay of proceedings. Having considered the arguments of counsel and the papers submitted, the Court hereby

GRANTS plaintiff's motion and DENIES defendants' motion

## BACKGROUND

This is an action under the California Cartwright Act, California Business and Professions Code § 16720, *et seq.*, in which plaintiff—who seeks to represent a class of those similarly situated—has alleged that the defendant paper companies conspired to fix and stabilize the price of commercial sanitary paper charged to "end-user" businesses in California. The class-action complaint was filed in San Francisco Superior Court on May 23, 1997. Several other cases against these defendants have been filed in other federal, district and state courts, and on June 19, 1997, defendants filed a motion before the Judicial Panel on Multidistrict Litigation seeking transfer of all of the federal cases to the same district court for consolidated pretrial proceedings. On June 20, 1997, defendants removed this action to federal court. Plaintiff seeks to remand the case to state court. Defendants have filed a separate motion which seeks a stay of the proceedings in this matter pending a ruling from the Judicial Panel on Multidistrict Litigation on transfer and consolidation.

## LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Snow v. Ford Motor Co.,* 561 F.2d 787, 789 (9th Cir. 1977).

■ A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand sua sponte or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir.1988) (citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921)); *Salveson v. Western States Bankcard Ass'n,* 525 F.Supp. 566, 571

(N.D.Cal.1981), *aff'd in part, rev'd in part,* 731 F.2d 1423 (9th Cir.1984); Schwarzer, Tashima, Wagstaffe, *Federal Civil Procedure Before Trial,* ¶ 2:1093 (1992). In this case, defendants must meet this burden.

■ The removal statute is strictly construed against removal jurisdiction and doubt is resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979).

■ The existence of federal jurisdiction on removal must be determined on the face of the plaintiff's complaint. *See Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987).

■ However, the Court may examine the entire record to determine if the real nature of the claim is federal, notwithstanding plaintiff's characterization to the contrary, when the plaintiff has, by "artful pleading," attempted to defeat defendant's right to a federal forum. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981); *Salveson,* 525 F.Supp. at 572.

## DISCUSSION

### 1. Defendants' Motion for Stay.

Defendants seek an order staying decision on plaintiff's pending remand motion until the Judicial Panel on Multidistrict Litigation reaches a decision on the motion for transfer and consolidation pending before it. Defendants contend that this action is one of "at least 26 cases" now pending in five different district courts throughout the U.S. asserting "virtually identical" price-fixing claims against the same defendants, and that in the interests of judicial efficiency and economy, this court should allow the transferee court to resolve the remand motion.

■ A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed. *See*

*Manual for Complex Litigation 3d* § 31.131, p. 252 (3d ed.1995); *see also Villarreal v. Chrysler Corp.*, No. C–95–4414, 1996, WL 116832, at *1 (N.D.Cal. Mar. 12, 1996) ("a stay is improper. Judicial economy will be best served by addressing the remand issue [as it] will facilitate litigation in the appropriate forum.").

■ Here, a motion has been filed with this Court seeking a determination of the appropriate forum in which to litigate this matter. "The appropriate forum, moreover, is a threshold issue to class certification and defendant's petition to the Panel does not affect scheduled pretrial proceedings." *Villarreal, supra* at *1. This Court, as transferor Court, "retains exclusive jurisdiction until the § 1407 transfer becomes effective and as such, motions to remand should be resolved before the panel acts on the motion to transfer." *Spitzfaden v. Dow Corning Corp.*, No. 95–2578, 1995 WL 662663, *4 n. 1 (E.D.La. Nov.8, 1995) (citing *Manual for Complex Litigation, 3d* § 31.131.). Accordingly, defendants' motion for stay of proceedings pending a decision by the Panel is hereby DENIED, and the Court addresses the merits of plaintiff's remand motion.

## 2. Plaintiff's Motion for Remand.

Plaintiff seeks to represent all similarly situated California businesses which indirectly purchased commercial sanitary paper products froth any of the defendants. All of the named defendants are corporations with their principal places of business in states other than California. Defendants removed this action to federal court on grounds that there was original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Although the complaint expressly states that "[n]either the plaintiff nor any member of the class has damages exceeding $50,000," defendants assert in their notice of removal that the actual amount in controversy exceeds $75,000.[1]

The issue presented by this motion is whether the undisputed fact that the named plaintiff does not allege damages in excess off the jurisdictional amount is sufficient grounds to grant plaintiff's motion for re-

mand, where defendants assert that other, unnamed members of the potential class have claims large enough to satisfy the jurisdictional minimum.

■ Plaintiff contends that in order for this Court to exercise diversity jurisdiction upon removal, defendants must establish complete diversity of citizenship and an amount in controversy in excess of $75,000 for the named plaintiff and each member of the proposed class. Plaintiff cites the Supreme Court decisions in *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), and *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), in support of this contention.

Plaintiff alleges that defendants have made a bald assertion that the amount in controversy exceeds the jurisdictional minimum without showing how they have computed the amount in controversy or upon what grounds defendants base their speculation. Plaintiff provides a declaration which asserts that for the period in question, Tortola Restaurants purchased $4,340 per year in commercial sanitary paper. *See* Scarpulla Decl. ¶ 2. Plaintiff contends that even if one hundred percent of that amount is included in plaintiff's damages and trebled as provided for under California's Cartwright Act, the amount would still not exceed the jurisdictional minimum. Defendants do not dispute this assertion.

Defendants contend that the Judicial Improvements Act of 1990, 28 U.S.C. § 1367(a), impliedly overruled *Zahn*, and that it is no longer required that each class member separately satisfy the federal jurisdictional minimum. Defendants argue that as long as any class member—representative or absent— meets the $75,000 threshold, the Court can exercise supplemental jurisdiction over the claims of class members whose claims do not meet the jurisdictional minimum. Defendants further argue that named plaintiff Tortola cannot limit the claims of the other class members without some "binding assurance" that class members will not seek recoveries in state court which would place them within this Court's jurisdiction.

---

1. At the time this action was filed, the amount in controversy requirement for diversity jurisdiction was $75,000.

### a. *Zahn.*

In light of the legislative history[2], and the ensuing case law relevant to the issue, this Court agrees with those courts that have found that the Judicial Improvements Act did not overrule the Supreme Court decision in *Zahn. See e.g., Snider v. Stimson Lumber Co.*, 914 F.Supp. 388, 392 (E.D.Cal.1996) ("Congress did not intend to overrule *Zahn*"); *Waters v. Grosfeld*, 904 F.Supp. 616 (E.D.Mich.1995) ("mandate of *Zahn* ... remains good law"); *Borgeson v. Archer–Daniels Midland Co.*, 909 F.Supp. 709 (C.D.Cal. 1995).[3]

### b. Named Plaintiff's Amount in Controversy.

 Even those courts which have found implied repeal of *Zahn* have still required the named plaintiff to meet the federal jurisdiction requirements. The case law indicates a general consensus across the various courts that if there is no federal jurisdiction over the named class member, there cannot be jurisdiction over the claims of absent members of a proposed class.[4] Thus, unless the named plaintiff satisfies the jurisdictional minimum amount in controversy, a federal court cannot exercise jurisdiction over the class. *See In re High Fructose Corn Syrup Antitrust Litig.*, 936 F.Supp. 530, 532 (C.D.Ill.1996) (citing *In re Agent Orange Prod.Liab.Litig.*, 818 F.2d 145, 162 (2d. Cir. 1987)); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 600 (7th Cir.1997)("At least one named plaintiff must satisfy the jurisdictional minimum.").

Here, while defendants argue that it is sufficient that the claims of some absent members of the putative class may exceed the jurisdictional minimum, defendants do not dispute that Tortola—the only named plaintiff—does not satisfy that requirement. Accordingly, this Court cannot exercise diversity jurisdiction over this class action and the matter must be remanded to state court. Plaintiff's motion to remand is therefore GRANTED. Plaintiff's motion for attorney's fees and costs is DENIED.

### CONCLUSION

For the above reasons and for good cause shown, defendants' motion for stay is DENIED; plaintiff's motion to remand is GRANTED; plaintiff's motion for attorney's fees and costs is DENIED; and this matter is remanded to the San Francisco Superior Court.

IT IS SO ORDERED.

---

2. The House Conference Report which references 28 U.S.C. § 1367 states:
 The section is not intended to affect the jurisdictional requirements of 28 U.S.C. § 1332 in diversity-only class actions, as those requirements were interpreted prior to *Finley*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593. (citing *Supreme Tribe of Ben Hur v. Cauble*, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673 (1921)); *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).
 H.R. Report No. 101–734 (101st cong., 2d Sess. 29 (1990)) *reprinted in* 8 U.S.Code Cong. & Admin. News 6860, 6874 75 (1990).

3. This Court also agrees with those courts holding that the contrary findings in *re Abbott Laboratories*, 51 F.3d 524 (5th Cir.1995) and *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928 (7th Cir.1996), are distinguishable from cases such as the one at bar, and that the holdings in *Abbott*, and *Stromberg* should be limited to their facts. *See Quebe v. Ford Motor Co.*, 908 F.Supp. 446, 451 (W.D.Tex.1995); *In re Amino Acid Lysine Antitrust Litig.*, 918 F.Supp. 1181, 1186 (N.D.Ill.1996).

4. Absent class members are, in most instances, free to opt out of the class if they wish, until the judicially-designated deadline passes. That deadline, in turn, does not expire until after the class certification motion has been briefed, argued and decided, and the potential class members have been identified, located and notified. All of this can take months or years, and consumes substantial judicial time, attorney hours and client fees and costs. If, after all of that, the class were not certified, federal jurisdiction premised solely on the large claim of an absent class member—no longer a party—would be lost. If the class were certified, class members with claims sufficiently large to meet the federal jurisdictional minimum might opt out, again eliminating the Court's jurisdiction. This would be an impractical and uncertain method of determining federal jurisdiction, which is no doubt why the cases which have examined these questions require, at a minimum, that the representative plaintiff have claims which satisfy the jurisdictional minimum.