Dale DURANT; Deborah Durant, Plaintiffs–Appellees,

v.

SERVICEMASTER COMPANY, a Delaware Corporation; TruGreen, Inc., a Delaware Corporation; TruGreen Limited Partnership, a Delaware Limited Partnership, Defendants–Appellants.

No. 02–1974.

United States Court of Appeals, Sixth Circuit.

Aug. 11, 2004.

Stephen F. Wasinger, Gregory D. Hanley, Timothy O. McMahon, Wasinger, Kickham & Hanley, Royal Oak, MI, for Plaintiffs–Appellees.

Robert B. Ellis, Rodger A. Heaton, Richard C. Godfrey, Kirkland & Ellis, Chicago, IL, for Defendants–Appellants.

Before: DAUGHTREY, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge.

Defendants appeal the district court's grant of class certification in this breach-of-contract action. Because we conclude that the district court lacked diversity jurisdiction and should not have exercised supplemental jurisdiction, we vacate the district court's class certification order and direct the district court to remand the case to the Wayne County Circuit Court.

## I

Dale and Deborah Durant filed a class action against lawn care companies Tru-Green, Inc., TruGreen Limited Partnership, and their corporate parent, The ServiceMaster Company, (collectively "TruGreen") in Michigan state court on behalf of TruGreen's customers throughout the United States. The Durants alleged breach of contract, unjust enrichment, and Michigan Consumer Protection Act claims based on TruGreen's adding a one dollar fuel surcharge to each customer's invoice. The Durants also sought to enjoin TruGreen from imposing the surcharge.

TruGreen removed the case to federal court on the basis of diversity jurisdiction, and the Durants moved to remand, claiming that the potential award due any individual plaintiff failed to satisfy the jurisdictional amount. The district court denied remand, holding that plaintiffs could meet the jurisdictional amount by aggregating their claims for punitive damages and unjust enrichment. The court certified its determinations for interlocutory appeal.

Instead of appealing, the Durants amended their complaint to add a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, 18 U.S.C. § 1962(c), thereby creating federal question jurisdiction. The district court dismissed the RICO claim for failure to adequately plead the existence of a distinct enterprise. Plaintiffs then amended their complaint to include a claim under the Tennessee Consumer Protection Act. Ultimately, the district court certified the class as to the breach-of-contract claim under Federal Rule of Civil Procedure 23(b)(3). We granted TruGreen leave to appeal class certification pursuant to Federal Rule of Civil Procedure 23(f).

## II

Plaintiffs argue that the district court lacked diversity jurisdiction because the amount in controversy did not exceed $75,000, and that although the RICO claim supported federal question jurisdiction, after its dismissal, the district court should not have exercised supplemental jurisdiction over their state law claims. We agree.

### A. Diversity Jurisdiction

A district court may exercise diversity jurisdiction only if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The party seeking the federal forum bears the burden of proving that the amount in controversy exceeds $75,000. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Here, TruGreen argues that plaintiffs may aggregate their claims for unjust enrichment, punitive damages, and injunctive relief to meet the jurisdictional amount. We reject TruGreen's arguments for the following reasons.

Multiple plaintiffs may aggregate their claims to meet the jurisdictional amount only if those plaintiffs "unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). Paradigmatic cases in which plaintiffs have a common and undivided interest " 'involve a single indivisible res, such as an estate, a piece of property (the classic example), or an insurance policy.' " *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1423 (2d Cir.1997) (quoting *Bishop v. Gen. Motors Corp.*, 925 F.Supp. 294, 298 (D.N.J.1996)).

■ Accordingly, plaintiffs here cannot aggregate their individual claims for unjust enrichment because the plaintiff group is not seeking recovery of a single indivisi-

ble res. Although plaintiffs asked the district court to create a common fund to collect unjustly obtained profits, that fund would be just a vehicle for administering individual awards, not an indivisible res. *Id.* at 1427 (holding that whether claims may be aggregated depends upon "the nature of the right asserted, not whether successful vindication of the right will lead to a single pool of money that will be allocated among the plaintiffs").

To conclude that plaintiffs can aggregate their unjust enrichment claims, the district court relied on this court's statement in *Sellers v. O'Connell* that "[a]n identifying characteristic of a common and undivided interest is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." 701 F.2d 575, 579 (6th Cir.1983). The district court reasoned that because some plaintiffs' failures to collect their shares of disgorged profits would increase the remaining plaintiffs' recovery, plaintiffs' claims for unjust enrichment constitute a common and undivided interest. But the district court overextended the holding in *Sellers* in concluding that the mere possibility of enhanced recovery by some plaintiffs permits a finding that plaintiffs have a common and undivided interest in a fund. *Sellers* holds only that the possibility of enhanced recovery by some plaintiffs is necessary, but not alone sufficient, for determining that plaintiffs have a common and undivided interest in a fund.

■ The district court similarly erred in concluding that plaintiffs may aggregate claims for punitive damages. Each plaintiff may claim punitive damages based on his transaction with TruGreen, and the possibility that plaintiffs might receive punitive damages from a single fund does not convert their individual claims into an indivisible res. *Crawford v. F. Hoffman–La Roche Ltd.*, 267 F.3d 760, 765 (8th Cir.

2001) ("[S]eparate claims for punitive damages ... are not the kind of 'single, undivided res' that classically constitutes a common fund, even though the members may eventually have to share a final award of punitive damages.").

■ TruGreen also argues that the cost of complying with plaintiffs' request for injunctive relief satisfies the jurisdictional amount because TruGreen would lose several million dollars if forced to discontinue the surcharge. We reject that argument, however, because TruGreen may not satisfy the amount-in-controversy requirement by aggregating the costs per plaintiff to comply with the injunction. *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 610 (7th Cir.1997) ("Whatever the form of relief sought, each plaintiff's claim must be held separate from each other plaintiff's claim from both the plaintiff's and the defendant's standpoint.").

## B. Supplemental Jurisdiction

■ Although plaintiffs' state law claims did not satisfy the amount-in-controversy requirement for diversity jurisdiction, plaintiffs' adding a federal RICO claim gave the district court supplemental jurisdiction over those state law claims. 28 U.S.C. § 1367(a). But the district court could—and in this case should—have declined to exercise supplemental jurisdiction after it dismissed the RICO claim, notwithstanding plaintiffs' failure to seek remand after the district court dismissed the RICO claim. *Id.* § 1367(c)(3).

Constitutional and prudential limits on the use of federal judicial power restricted the district court's discretion to exercise supplemental jurisdiction. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir.1996), as amended, No. 95–5120, 1998 WL 117980 (6th Cir.Jan.15, 1998). Because the district court dismissed plaintiffs' RICO claim un-

der Rule 12(b)(6), a strong presumption arose in favor of remanding the case to Michigan state court. *Id.* at 1254—55. Although that presumption can be overcome in unusual circumstances, such as when undue amount of wasted or duplicative effort would result from refiling in state court, *Hankins v. The Gap, Inc.,* 84 F.3d 797, 803 (6th Cir.1996), no such circumstances exist here. Given the absence of circumstances warranting the exercise of supplemental jurisdiction, the district court would abuse its discretion if it chose to exercise supplemental jurisdiction.

TruGreen argues that plaintiffs waived the right to challenge the district court's exercise of supplemental jurisdiction by failing to seek remand after the district court dismissed the RICO claim. Though generally failure to object in the district court waives any objection to that court's exercise of supplemental jurisdiction, where special circumstances exist, failure to object in the district court does not waive the objection on appeal. *N.J. Turnpike Auth. v. PPG Indus.,* 197 F.3d 96, 113 (3d Cir.1999). Such a circumstance exists here. Plaintiffs have not waived their objection because plaintiffs had no reason to raise a supplemental jurisdiction objection given the court's prior conclusion that diversity jurisdiction existed and the lack of any express ruling that the court was proceeding on the basis of supplemental jurisdiction.

### III

For the foregoing reasons, we vacate the court's order granting plaintiffs' motion for class certification and direct the district court to remand the case to the Wayne County Circuit Court.