**Keith JOHNSON, on behalf of himself and all other similarly situated in Michigan, Plaintiff,**

v.

**MICRON TECHNOLOGY, INC., et al., Defendants.**

No. 04–74263.

United States District Court, E.D. Michigan, Southern Division.

Jan. 24, 2005.

Andrew A. Nickelhoff, Sachs Waldman (Detroit), Detroit, MI, for Plaintiff.

Joanne G. Swanson, William A. Sankbeil, Kerr, Russell, (Detroit), Detroit, MI, for Defendants.

## ORDER AND OPINION DENYING DEFENDANTS' MOTION TO STAY AND GRANTING PLAINTIFF'S MOTION TO REMAND

ROBERTS, District Judge.

### I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Remand and Defendants' Motion to Stay Proceedings. Oral argument was held on January 21, 2005. The Court GRANTS Plaintiff's Motion and DENIES Defendants' Motion.

### II. BACKGROUND

Keith Johnson ("Plaintiff") filed suit against Micron Technology Inc. and other companies which sold and shipped Dynamic Random Access Memory ("DRAM") and/or products containing DRAM, a commonly used semiconductor memory product. The suit, originally filed in Wayne County Circuit Court on October 5, 2004, seeks class certification and alleges restraint of trade and monopoly in violation of the Michigan Antitrust Reform Act.

Defendants removed the case on November 1, 2004, based on diversity jurisdiction. Subsequently, Defendants filed a notice of potential tag-along action with the Judicial Panel on Multidistrict Litigation ("MDL Panel") to transfer the case to the Northern District of California. The MDL Panel issued a conditional transfer order on November 19, 2004. On November 24, 2004, Defendants filed this motion to stay proceedings pending transfer. Plaintiff filed the motion to remand on December 1, 2004. Plaintiff also filed a notice of objection to the conditional transfer with the MDL Panel.

The issue presented is the propriety of Defendants' removal to this Court, which turns on whether the case could originally have been filed in federal court. Plaintiff limits his damage claim to under $75,000,

and says, therefore, the amount in controversy requirement cannot be met, thus depriving the Court of original jurisdiction. On the other hand, Defendants claim that the amount in controversy requirement for original jurisdiction purposes can be met if the Court aggregates the claims of potential class members. Before doing so, however, Defendants urge this Court to stay this proceeding, allow the MDL Panel to decide the transfer issue, and allow the transferee court to rule on the jurisdiction question.

For the reasons stated below, the Court finds that the original jurisdiction issue must be decided expeditiously. Further, the Court finds that Defendants have not sustained their burden to establish that this case is within the Court's original jurisdiction, inasmuch as the Court is without authority to aggregate the claims of unnamed class members to establish the requisite amount in controversy for original jurisdiction purposes. Plaintiff's remand motion must be granted.

## III. STANDARD OF REVIEW

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Husvar v. Rapoport*, 337 F.3d 603, 607 (6th Cir.2003). Indeed, 28 U.S.C. § 1441(b) instructs that only those claims may be removed in which the federal courts "have 'original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States.'" *Husvar*, 337 F.3d at 607 (6th Cir.2003) (*quoting* 28 U.S.C. § 1441(b)). Removal statutes are to be strictly construed, and "all doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999). The burden of proving the court's jurisdiction falls on the defendant who seeks removal.

*See Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir.2000).

Also, in evaluating motions to stay, the Sixth Circuit has held that the factors for injunctive relief are considered: 1) whether the applicant has demonstrated a likelihood of success on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other interested parties; and 4) where the public interest lies. *Bejjani v. INS*, 271 F.3d 670, 688 (6th Cir.2001). None of the four factors is a prerequisite to the issuance of a stay; rather, the Court must balance the four factors in deciding the propriety of a stay. *Performance Unlimited v. Questar Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir.1995). However, "a [party] must always demonstrate some irreparable injury before a [stay] may issue." *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 104 (6th Cir.1982).

## IV. APPLICABLE LAW AND ANALYSIS

### A. The Factors To Grant A Stay Have Not Been Met

■ A transfer can be made by the Judicial Panel on Multidistrict Litigation if the transferor district court has subject matter jurisdiction of the case. *Bancohio Corp. v. Fox*, 516 F.2d 29 (1975); *see also* 28 U.S.C. § 1407. While the MDL Panel is not empowered to make determinations of subject matter jurisdiction, both the transferee and transferor courts are empowered to do so when the matter is before them. *See id.; see also In re Commonwealth Oil/Tesoro Petroleum Sec. Litigation*, 458 F.Supp. 225 (Jud.Pan. Mult.Lit.1978). "A transfer under section 1407 becomes effective when the order granting the transfer is filed in the office of the clerk of the transferee court," not when the MDL Panel issues a conditional

transfer. Manual for Complex Litigation, § 20.131 at 220 (4th Ed.); *see also* R.P. JPML 1.5 (2001).

Defendants assert that "where the existence of federal jurisdiction is at issue against the backdrop of a pending MDL proceeding, federal courts ordinarily stay their actions in order to permit a single district court, *i.e.*, the transferee court designated by the MDL Panel, to decide the common jurisdiction issue." Def. Resp. Br. Opp'n Pl. Mo. Remand at 4–5. To support this assertion, Defendants cite several unpublished cases in which district courts stayed actions to allow the MDL transferee court to resolve pending jurisdictional motions. One of the cited cases is from the Eastern District of Michigan. *See D's Pet Supplies, Inc. v. Microsoft*, 2000 U.S. Dist. LEXIS 16482 (E.D.Mich. Feb. 7, 2000)(unpublished).

A Second Circuit case, *In re Ivy*, 901 F.2d 7 (2d Cir.1990), is also cited by Defendants. There the Court discussed the benefits of allowing the transferee court to determine the jurisdictional issue:

> The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation. That issue, however, involves common questions of law and fact ... and there are real economies in transferring such cases.... Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served.

*Id.* at 9.

Plaintiff's counsel represents putative class representatives against these same Defendants in other states. While Defendants assert that the same jurisdictional questions have been raised in many of those other cases, Defendants do not provide any specific information concerning other cases in which plaintiffs challenge original jurisdiction. Nonetheless, Defendants contend that judicial efficiency will be achieved if the transferee court considers and decides all of the challenges together in a single proceeding. This Court disagrees.

"This Court, as transferor Court, retains exclusive jurisdiction until the § 1407 transfer becomes effective and as such, motions to remand should be resolved before the panel acts on the motion to transfer." *Tortola Restaurants, L.P. v. Kimberly–Clark Corp.*, 987 F.Supp. 1186, 1189 (N.D.Cal.1997). Indeed, the Rules of Procedure for the Judicial Panel on Multidistrict Litigation confirm that:

> [t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

R.P. JPML 1.5 (2001). The statute and rules have been interpreted as discouraging district courts from staying pending motions in some instances:

> [The court should not] automatically postpone rulings on pending motions, or generally suspend further proceedings. When notified of the filing of a motion for transfer, therefore, matters such as motions to dismiss or to *remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer.* The Panel has sometimes delayed ruling on transfer to permit the court in which the case is pending to decide critical, fully briefed and argued motions.

Manual for Complex Litigation, § 20.132, at 220–221 (4th Ed.) (emphasis added).

This Court agrees that there are instances in which it would be an efficient use of judicial resources for the transferee court to resolve jurisdictional issues. One good example is *In re Ivy, supra.* The jurisdictional question in *In re Ivy* surrounded common questions of law and fact relating to the Agent Orange class action and settlement. As the Court noted, "there are real economies in transferring such cases to Judge Weinstein, who has been handling the Agent Orange litigation for several years." *Ivy,* 901 F.2d at 9.

If the issue before this Court was whether or not the parties were completely diverse, and the domiciles of each Defendant needed to be determined, or if the issue was whether a federal question existed, and the same issue faced other district courts with the same plaintiffs or defendants, it might be efficient to stay this action and allow the MDL transferee Court to resolve the issue. Common questions of law or fact applicable to similarly situated (or the same) parties across the country would dictate a stay; if each district court independently made determinations regarding the existence of a federal question or the domicile of defendants, there would be a risk of having similarly situated parties face different outcomes on the exact same question.

However, the issue presented by this remand motion is unique to this case and does not involve questions of law and fact common to similar claims across the country. The question that must be decided here is whether this Plaintiff meets the amount in controversy requirement. (E.g., Are Plaintiffs allowed to aggregate claims under *Olden v. LaFarge Corp.,* 383 F.3d 495 (6th Cir.2004), to achieve the requisite amount in controversy? Must the Plaintiff meeting the amount in controversy requirement be a named Plaintiff?)

Allowing the transferee court to decide these issues unique to these parties would not promote judicial efficiency. Thus, this jurisdictional issue is ripe for consideration now.

■ Applying the injunctive relief standard, the Court concludes that Defendants motion for stay must be denied. *See Bejjani,* 271 F.3d at 688. First, neither party demonstrates a likelihood of success on the merits. Second, Defendants have not demonstrated that they will be irreparably injured absent a stay. However, Plaintiff has demonstrated that he will be substantially injured if a stay is issued. Indeed, as Plaintiff notes, "If the court allows the case to be transferred and it is ultimately found that subject matter jurisdiction does not exist in the matter, the plaintiff will have engaged in an unnecessary and costly sojourn in the federal courts, and federal resources will have been unnecessarily expended when jurisdiction properly remained in Wayne County." Pl. Br. Supp. Mo. Remand at 12.

Finally, the public interest lies in the most efficient use of judicial resources, ensuring that litigation is conducted in the appropriate forum, and in federal courts determining jurisdiction issues promptly. As discussed, *supra,* the most efficient use of judicial resources requires the Court to act expeditiously on the pending remand motion. Indeed, "[i]t is presumed that a cause lies *outside* [of the federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)(internal citations omitted)(emphasis added).

The issue presented in the remand motion is unique to this particular instance and does not pose a potential for inconsistent rulings. For all of the reasons cited here, Defendants' Motion to Stay Proceed-

ings and Defer Decision on Remand is DENIED.

B. Defendants' Must Establish Original Jurisdiction As To At Least One Plaintiff

■ To establish the requisite $75,000 amount in controversy, Defendants assert that the claims of *all* class members, named and unnamed, may be aggregated as one. If the potential claims collectively equal at least $75,000 and the other elements of diversity are established, Defendants opine that federal court jurisdiction is proper. To support their argument, Defendants rely on *Olden v. LaFarge Corp.*, 383 F.3d 495 (6th Cir.2004), and *Lichoff v. CSX Transportation, Inc.*, 2004 WL 2280354, 2004 U.S. Dist. LEXIS 21893 (N.D.Ohio 2004)(unpublished). Defendants' argument is wholly unsupported by the case law.[1]

In *Olden*, a group of homeowners brought a class action against the owner of a cement manufacturing plant, alleging personal and property damage caused by toxic pollutants originating from the plant. "The parties agree[d] that the named plaintiffs meet the jurisdictional amount required under 28 U.S.C. § 1332. [However, t]he plaintiffs concede[d] that not all members of the putative class have claims that exceed $75,000." *Olden v. LaFarge Corp.*, 203 F.R.D. 254, 260 (E.D.Mich. 2001). The district court found that under 28 U.S.C. § 1367, it had subject matter jurisdiction over claims by individual putative class members which did not meet the $75,000 amount in controversy, but which

formed part of the same case or controversy as claims by other class members who did meet all of the requirements for diversity jurisdiction. *Id.* at 264–64. Defendant appealed.

After an exhaustive review of the relevant statute and holdings in other Circuits, the Sixth Circuit affirmed the district court's holding. *Olden*, 383 F.3d at 495. The Sixth Circuit stated: "The issue raised in this case is whether each individual class member in a diversity class action must meet the $75,000 amount in controversy requirement, or *whether the plaintiffs may aggregate their damages.*" *Id.* at 499 (emphasis added). Additionally, the Court states its holding as "the class may aggregate damages and subject matter jurisdiction is proper." *Id.* at 507.

At first blush based on the language used by the *Olden* Court, one could conclude, as did Defendants here, that *Olden* stands for the proposition that a class of plaintiffs need not have one individual satisfy the diversity requirement to establish original jurisdiction if the aggregate of all of the class claims meets the $75,000 statutory minimum. This, however, is an incorrect reading of *Olden*.

The *Olden* opinion did not even address whether original jurisdiction was established, since the parties stipulated that the named plaintiffs met all the requirements for original diversity jurisdiction. Original jurisdiction is foundational to the exercise of supplemental jurisdiction. The question presented to the Court in *Olden* was whether there was *supplemental* jurisdic-

---

1. There is one instance in which parties may aggregate their claims as one to establish the requisite amount in controversy. If multiple plaintiffs "unite to enforce a single title or right in which they have a common and undivided interest" such that "if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased," the parties may aggregate the claims to satisfy the

required amount in controversy. *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir.1983)(*citing Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969)); *see also Durant v. Servicemaster Co.*, 109 Fed.Appx. 27 (6th Cir.2004). Both parties agree that *Sellers* is not applicable to this matter.

tion over class members who did not meet the statutory amount in controversy requirement.

In *Olden,* the District Court and the Court of Appeals analyzed supplemental jurisdiction under the Judicial Improvements Act, 28 U.S.C. § 1367, in which Congress outlined *supplemental* jurisdiction of federal courts:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [28 USCS § 1332], the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332 [28 USCS § 1332].

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over

which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The *Olden* Court found that 28 U.S.C. § 1367 overruled *Zahn v. Int'l Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). In *Zahn,* although the named plaintiffs had claims exceeding the then applicable amount in controversy requirement, the district court found that not every member of the plaintiff class had a claim that satisfied the requisite amount. The Supreme Court held that the claims of multiple parties, when separate and distinct, cannot be aggregated for the purpose of meeting the jurisdictional requirement. Thus, under *Zahn,* only plaintiffs who meet the amount in controversy requirement could invoke the jurisdiction of federal courts. *Id. Zahn,* as the Court of Appeals in *Olden* notes, was affirmed by *Finley v. U.S.,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), which held that a grant of jurisdiction over claims involving one party does not confer jurisdiction over additional claims, even if all of the claims derive from a common nucleus.

Joining the Fourth, Fifth, Seventh, Ninth, and Eleventh Circuits, the *Olden* Court held that the text of § 1367 overruled *Zahn* and *Finley.* In their holdings, however, the other Circuits clearly articulated the rule regarding original jurisdiction (glossed over by the Court in *Olden*): it *must* be clearly established independently by one member of the plaintiff class and is a prerequisite to the exercise of supplemental jurisdiction. *See Rosmer v. Pfizer, Inc.,* 263 F.3d 110, 122 (4th Cir. 2001)("Louise Rosmer is of diverse citizenship and her claim exceeds the amount in

controversy requirement of 28 U.S.C. § 1332. Consequently, federal courts have original jurisdiction over it. Likewise, due to § 1367, federal courts have supplemental jurisdiction over the claims of all class members whose claims do not exceed $ 75,000."); *In re Abbott Laboratories,* 51 F.3d 524 (5th Cir.1995)("We are persuaded that the individual claims of class representatives meet the requisite jurisdictional amount ...," *id.* at 527, "we are [also] persuaded that under § 1367 a district court can exercise supplemental jurisdiction over members of a class, although they did not meet the amount-in-controversy requirement, as did the class representative." *Id.* at 529.); *Stromberg Metal Works, Inc. v. Press Mech., Inc.,* 77 F.3d 928, 932 (7th Cir.1996)("if it is possible for the principal action to be in federal court without any jurisdictional qualms then § 1367(b) does not block adding an additional plaintiff with a closely related claim against the defendants who are already in the federal forum"); *Gibson v. Chrysler Corp.,* 261 F.3d 927, 936 (9th Cir.2001)("In order for such joined claims to have been covered by supplemental jurisdiction, 'original jurisdiction' under subsection (a) must be determined by looking to see if there was subject matter jurisdiction over any one claim in the complaint, rather than over all of the claims in the complaint."); *Allapattah Servs. v. Exxon Corp.,* 333 F.3d 1248, 1255 (11th Cir.2003)("The parties agree that the district court had original jurisdiction over the class representatives' claims, because they satisfied the [ ] jurisdictional minimum amount in controversy requirement. Section 1367(a) therefore authorized the court to exercise supplemental jurisdiction over those claims that were so closely related to the original claims that they formed part of the same case or controversy.").

*Olden* effectively overrules district court decisions in this circuit which held that while original diversity jurisdiction re-quirements have been met, supplemental jurisdiction over related claims cannot be exercised because they individually fall short of the requisite amount in controversy. *See Krieger v. Gast,* 197 F.R.D. 310 (W.D.Mich.2000) (finding *Zahn* to be unaffected by the enactment of § 1367); *Knauer v. Ohio State Life Ins. Co.,* 102 F.Supp.2d 443 (N.D.Ohio 2000) (same); *Casteel v. Sara Lee Corp.,* 51 F.Supp.2d 816 (E.D.Mich.1999) (same); *Crosby v. America Online, Inc.,* 967 F.Supp. 257 (N.D.Ohio 1997) (same); *Waters v. Grosfeld,* 904 F.Supp. 616 (E.D.Mich.1995) (same). *But see Olden,* 203 F.R.D. at 264–65 ("This Court holds, in accordance with the decisions of the Fourth, Fifth, Seventh, and Ninth Circuits that 28 U.S.C. § 1367 confers on the Court subject matter jurisdiction over claims by putative class members which do not entail $ 75,000 in controversy but which form part of the same case or controversy as the claims by other class members which exceed the jurisdictional amount."). But importantly, at no point did the Court of Appeals in *Olden* address aggregating claims of class members to meet the requisite amount in controversy in order to establish original jurisdiction under § 1332.

Indeed, 28 U.S.C. § 1367(a) states "in any civil action of which the district courts have *original jurisdiction,* the district courts *shall have supplemental jurisdiction* over all other claims that are so *related to claims in the action within such original jurisdiction* that they form part of the same case or controversy." (emphasis added).

Defendants also rely on *Lichoff v. CSX Transportation, Inc.,* 2004 WL 2280354, 2004 U.S. Dist. LEXIS 21893 (N.D.Ohio 2004)(unpublished). However, *Lichoff* does not contradict this Court's reading of *Olden.* In *Lichoff,* the district court states in a footnote:

Defendant's contention that *certain* members of the class could not meet the amount in controversy requirement cannot be maintained in light of the Sixth Circuit's recent holding in *Olden v. La-Farge Corp.*, 383 F.3d 495 (6th Cir.2004) that class members may aggregate damages to meet the jurisdictional amount in controversy requirement.

*Id.* 2004 WL 2280354, *4 n. 1, 2004 U.S. Dist. LEXIS 21893, at *12 n. 1. That the court in *Lichoff* notes that "certain members" do not meet the amount in controversy implies that other members of the class *do* meet the amount in controversy requirement. Thus, at least one member of the class can independently establish original jurisdiction based on diversity. *Lichoff* did not address original jurisdiction.

Other Courts and publications agree with this Court's interpretation of *Olden*. See *Duker v. Micron Tech., Inc.*, 2004 WL 3019428, 2004 U.S. Dist. LEXIS 26055 (N.D.N.Y Dec. 22, 2004) (citing *Olden* as standing for the proposition "that federal courts can exercise supplemental jurisdiction over claims that do not meet the amount in controversy as long as one plaintiff meets the amount in controversy requirement"); 16–106 Moore's Federal Practice–Civil Current Developments in § 106.44 (2004) ("The Sixth Circuit joins the Fourth, Fifth, Seventh, Ninth, and Eleventh Circuits in holding that *Zahn* was overruled, so that supplemental jurisdiction applies to a diversity action *so long as* one named plaintiff has a claim giving the federal court original jurisdiction.")(emphasis added).

For the Court to even consider the question of supplemental jurisdiction, the claims must be related to an action over which the Court indeed has original jurisdiction. In this diversity action, at least one named member of the plaintiff class, discussed *infra*, must independently establish the requisite amount in controversy.

C. This Court Cannot Exercise Original Jurisdiction Based on Claims of Unnamed Class Members

■ Defendants opine that they may rely on claims of potential unnamed class members to establish the requisite amount in controversy under § 1332. In *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255 (11th Cir.2000), the Court remanded the case to the district court to determine whether at least one class member had a claim which satisfied the jurisdictional amount in controversy requirement. Defendants offer *Morrison*, as well as other cases from the Eleventh Circuit and district courts in the Eleventh Circuit to support its proposition.. See *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 974 (11th Cir.2002); *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1282 (11th Cir.2001); *Forest v. Penn Treaty American Corp.*, 270 F.Supp.2d 1357, 1366 (M.D.Fla.2003); *Chapman Funeral Home, Inc. v. Nat'l Linen Service*, 178 F.Supp.2d 1247, 1249 (M.D.Ala.2002); *Howard v. Globe Life Ins. Co.*, 973 F.Supp. 1412, 1416, n. 5 (N.D.Fla.1996).

But each of the cases cited by Defendant precedes the Eleventh Circuit pronouncement in *Allapattah Services, Inc. v. Exxon Corp.*, 333 F.3d 1248, 1256 (11th Cir.2003), "that § 1367 clearly and unambiguously provides district courts with the authority in diversity class actions to exercise supplemental jurisdiction over the claims of class members who do not meet the minimum amount in controversy as long as the district court had original jurisdiction over the claims of at least one of the class representatives."

No other Circuit looks to unnamed potential class members to establish the amount in controversy requirement as De-

fendants urge this Court to do. *See Rosmer v. Pfizer, Inc.*, 263 F.3d 110 (4th Cir. 2001) (Section 1367 confers federal subject matter jurisdiction over class members whose claims do not satisfy amount in controversy requirement as long as diversity jurisdiction exists over claims of a named plaintiff); *Free v. Abbott Lab.*, 51 F.3d 524 (5th Cir.1995), *aff'd by an equally divided court*, 529 U.S. 333, 120 S.Ct. 1578, 146 L.Ed.2d 306 (2000) (per curiam); *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977–978 (7th Cir.2000) (named plaintiff must satisfy amount in controversy); *Stromberg Metal Works v. Press Mechanical*, 77 F.3d 928 (7th Cir.1996); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 940–941 (9th Cir.2001), *cert. denied*, 534 U.S. 1104, 122 S.Ct. 903, 151 L.Ed.2d 872 (2002) (diversity jurisdiction in class actions must be based on claim of named plaintiff).

In *Gibson v. Chrysler, supra*, the Ninth Circuit outlined many of the reasons why courts should not rely on unnamed potential plaintiffs to establish the amount in controversy requirement:

> "Original jurisdiction" in subsection (a) [of 28 U.S.C. § 1367] refers to jurisdiction established by looking for any claim in the complaint over which there is subject matter jurisdiction. But "original jurisdiction" does not refer to jurisdiction over claims not made—or not yet made—in the complaint.... [A] class action, when filed, includes only the claims of the named plaintiff or plaintiffs. The claims of unnamed class members are added to the action later, when the action is certified as a class under Rule 23. There thus cannot be "original jurisdiction" within the meaning of subsection (a) over the claims of unnamed class members....
>
> Examining only the claims of named class plaintiffs for purposes of the amount-in-controversy requirement in diversity class actions mirrors the treatment of the complete diversity require-

ment. In both instances, subject matter jurisdiction depends only on the named plaintiffs. We also note that practical considerations support this result. If the claim of an unnamed class member could support removal of the entire action, a removing defendant might be entitled to discovery not merely from named, but also from unnamed, class members. Further, including the claims of unnamed class members is an impractical and uncertain method of determining federal jurisdiction because those members are free to opt out of the class, and because a denial of class certification would prevent the court from taking jurisdiction over the claims of the unnamed class members. Either of these two events would deprive the district court of jurisdiction over the entire class action, and could occur well into the litigation, after the expenditure of substantial time and effort by the parties and the district court.

*Gibson*, 261 F.3d at 940–941. *Gibson's* reasoning is persuasive to the Court. *See Hudgins Moving & Storage Co., Inc. v. American Express Co.*, 292 F.Supp.2d 991 (M.D.Tenn.2003) (agreeing with *Gibson*). Based on the foregoing, this Court holds that Defendants must establish original jurisdiction, including the amount in controversy, based only on the claims of named class members now before the Court.

**D. Defendants Cannot Establish That The Named Class Member Meets the Amount in Controversy Requirement**

■ Defendants do not attempt to establish that the named Plaintiff meets the amount in controversy requirement. Instead, they focus on unnamed potential class members such as Best Buy, Inc. and Office Depot. This Court discusses, *supra*, why their potential damages cannot

be relied upon to establish original jurisdiction.

In the original complaint filed in Wayne County Circuit Court, Plaintiff limits his claim and that of his class members:

> The total amount in controversy as to Plaintiff and each individual member of the class alleged herein does not exceed seventy-five thousand dollars ($75,000), even if trebled, exclusive of interest and cost, and Plaintiff does not seek any form of "common" recovery.

Pl. Cmplt. at ¶ 10. Plaintiff makes a similar assertion in his affidavit: "The total price of the products containing DRAM that I have purchased since 1999 does not exceed $25,000.00. The maximum possible amount of damages that I could recover in this action is far less than $75,000.00." Affidavit of Keith Johnson, at ¶ 3.

The burden rests on Defendants to establish federal subject matter jurisdiction on a remand motion. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir.2000). Since Plaintiff's amount in controversy assertions are unchallenged, Defendants have not met their burden. Therefore, Plaintiff's claim will be remanded to the Wayne County Circuit Court.

## V. CONCLUSION

The Court DENIES Defendants' Motion to Stay Proceedings. The Court also finds that it does not have original jurisdiction over this matter within the meaning of 28 U.S.C. § 1367. For that reason, the Court GRANTS Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1441.

**IT IS SO ORDERED.**