NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NISSIM CORP.,**
*Plaintiff-Appellant,*

**v.**

**CLEARPLAY, INC.,**
**LEE JARMAN, AND MATTHEW JARMAN,**
*Defendants-Appellees.*

---

2013-1429

---

Appeal from the United States District Court for the Southern District of Florida in No. 04-CV-21140, Judge Paul C. Huck.

---

Decided: March 14, 2014

---

JOHN C. CAREY, Carey Rodriguez Greenberg O'Keefe, LLP, of Miami, Florida, argued for plaintiff-appellant.

ERIC BRIAN STORM, The Storm Law Firm, PLLC, of Austin, Texas, argued for defendants-appellees.

---

Before NEWMAN, MOORE, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge*.

Nissim Corp. appeals from a district court order withdrawing jurisdiction to enforce a settlement agreement between Nissim and ClearPlay, Inc. Nissim also asks this court to review two orders denying summary judgment. We may only review final judgments. Because Nissim explicitly waived its right to challenge the only final judgment properly on appeal, we *dismiss* the appeal for lack of jurisdiction.

I.

On May 13, 2004, Nissim Corp. sued ClearPlay, Inc. and its founders, Matthew and Lee Jarman (collectively, "ClearPlay") for patent infringement, misappropriation of trade secrets, and breach of contract. The parties eventually settled five days before trial, and the district court promptly dismissed Nissim's suit with prejudice on November 30, 2005. The court retained jurisdiction, however, "solely to enforce the terms of the settlement agreement entered into between the parties." J.A. 391.

Two years later, Nissim returned to the district court and moved to enjoin ClearPlay from engaging in activities allegedly outside the scope of the settlement agreement. Although the district court issued several interlocutory rulings during the proceedings that followed, it never resolved the merits of Nissim's claims.[1] Instead, the district court withdrew its discretionary jurisdiction over the settlement agreement without further ruling on any substantive issues in the case.

On appeal, Nissim does not challenge the district court's withdrawal of jurisdiction. Nissim bases its ap-

---

[1] For a more thorough discussion of the procedural history, see generally *Nissim Corp. v. ClearPlay, Inc.*, 499 F. App'x 23 (Fed. Cir. 2012).

peal on two issues the district court addressed in prior, unrelated orders denying summary judgment: (1) the district court's allegedly erroneous interpretation of the settlement agreement and (2) ClearPlay's alleged concession of noncompliance with the settlement agreement.

## II.

The final judgment rule limits appellate review to issues that "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1308 (Fed. Cir. 2013) (en banc) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981)) (internal quotation marks omitted); *see also* 28 U.S.C. § 1295 (a)(1) (2012).

An order denying summary judgment is not a final judgment. As the Supreme Court has explained, "the denial of a motion for a summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim. It is strictly a pretrial order that decides only one thing—that the case should go to trial." *Switz. Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 25 (1966). Accordingly, the final judgment rule generally "prohibits a party from appealing a district court's denial of a motion for summary judgment." *Lermer Germany GmbH v. Lermer Corp.*, 94 F.3d 1575, 1576 (Fed. Cir. 1996).

A district court's decision to withdraw discretionary jurisdiction is a final judgment, reviewable for abuse of discretion. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009). And because it "is not a jurisdictional matter," *id.*, a party can waive review of that discretionary decision. *See, e.g.*, *Durant v. Servicemaster Co.*, 109 F. App'x 27, 31 (6th Cir. 2004); *N.J. Turnpike Auth. v. PPG Indus., Inc.*, 197 F.3d 96, 113 (3d Cir. 1999); *Int'l Coll. of Surgeons v. Chicago*, 153 F.3d 356, 366 (7th Cir. 1998); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001

(9th Cir. 1997) (en banc); *Doe ex rel. Fein v. Dist. of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996).

Here, Nissim explicitly waived its right to challenge the district court's withdrawal of jurisdiction by stating, "Nissim believes the district court's withdrawal of jurisdiction was an abuse of discretion, but . . . Nissim does not appeal that aspect of the district court's order." Appellant Br. 6 n.1. Accordingly, we do not disturb the district court's final order withdrawing jurisdiction.

The only orders Nissim attempts to appeal are two non-final orders denying summary judgment. To overcome the final judgment rule, Nissim argues that those orders are reviewable because they are "sufficiently firm" to trigger collateral estoppel (i.e., issue preclusion). *See RF Del., Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1261–62 (Fed. Cir. 2003). Given the contentious nature of these proceedings, *see, e.g.*, *Nissim Corp. v. ClearPlay, Inc.*, 499 F. App'x 23, 27, 27 n.4 (Fed. Cir. 2012), we understand Nissim's concern that ClearPlay might attempt to use those rulings as the basis for a collateral estoppel argument in future proceedings. For at least three reasons, we find that these interlocutory rulings should not be the basis for collateral estoppel.

*First*, ClearPlay's counsel conceded during oral argument that collateral estoppel would not apply in a related case. Oral Argument at 29:10–30:35, *Nissim Corp. v. ClearPlay, Inc.*, No. 2013-1429 (Fed. Cir. Jan. 7, 2014), *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2013-1429.mp3. Thus, a court could find that this concession precludes ClearPlay from adopting a contrary position. *See, e.g.*, *Organic Seed Growers and Trade Ass'n v. Monsanto Co.,* 718 F.3d 1350, 1358 (Fed. Cir. 2013).

*Second*, it seems unlikely that a court would find the prerequisites for collateral estoppel satisfied under the circumstances. *See S.E.L. Maduro, Inc. v. M/V Antonio*

*de Gastaneta*, 833 F.2d 1477, 1483 (11th Cir. 1987) (noting that collateral estoppel applies only when a particular issue "was raised, litigated, and adjudicated in a prior lawsuit, and if the adjudication of the issue was necessary to the outcome of the prior lawsuit"). In this appeal, although the issues subject to the interlocutory rulings were raised, those rulings were not necessary to the outcome of this suit—the withdrawal of jurisdiction to enforce the settlement agreements.

*Third*, even if a court were to find the prerequisites for collateral estoppel satisfied, this court's determination that the orders denying summary judgment are unreviewable on appeal should nevertheless preclude the application of collateral estoppel. *See W.R. Huff Asset Mgmt. Co. v. Kohlberg, Kravis, Roberts & Co.*, 566 F.3d 979, 985 (11th Cir. 2009) (endorsing the view that issue preclusion does not apply when "[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action").

Accordingly, we decline to review the district court's interlocutory orders denying summary judgment and dismiss Nissim's appeal for lack of jurisdiction.

**DISMISSED**